UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Gaines a/k/a Kenya Gaines, | Case No. 2:21-cv-02215-ART-DJA |
| Plaintiff, | |
| v. | **Order** |
| S. Butler, et al., | |
| Defendants. | |

 Before the Court is Defendants Stephanie Butler and Julio Mesa's motion to file Exhibits A-F to their motion for summary judgment under seal. (ECF No. 28). Plaintiff is an inmate in the custody of the Nevada Department of Corrections. (*Id.* at 3). Defendants explain that Exhibits A-F contain Plaintiff's medical and institutional records, the publication of which could create security concerns in the prison context. (*Id.* at 1).

 A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.

 Under the compelling reasons standard, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97. Compelling reasons exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate

libelous statements, or release trade secrets. *Id.* at 1097 (internal quotations and citations omitted).  The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted).  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents—that they are confidential" and that, in general, their disclosure would be harmful to the movant. *Id.* at 1182.  Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav. & Loan*, No. 2:16-cv-00587, 2017 WL 1078637, at *2 (D. Nev. March 20, 2017).  "As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the court must order that redacted versions be filed rather than sealing entire documents." *Id.*; *see In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011); *see Welch v. Minev*, No. 2:19-cv-01064-GMN-BNW, 2022 WL 4809269, at *2 (D. Nev. Oct. 1, 2022).

      Here, as a preliminary matter, the Court finds that the compelling reasons standard applies because the exhibits are attached to Defendants' motion for summary judgment.  The Court finds that Defendants have met this standard for Exhibits E-F, which is comprised entirely of Plaintiffs' medical records.  Courts in the Ninth Circuit commonly seal medical information under the compelling reasons standard.  *See Steven City Broomfield v. Aranas*, No. 3:17-cv-00683, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (compiling cases).

      However, Exhibits A-D contain Plaintiffs' grievance and investigation reports, which only occasionally refer to medical information.  And while the Defendants point out that entry of these documents onto the public record could endanger Plaintiff, they do not explain why.  Nor do Defendants address whether the medical information and dangerous information contained in those records could be redacted.

**IT IS THEREFORE ORDERED** that Defendants' motion to seal (ECF No. 28) is **granted in part** regarding Exhibits E-F and **denied in part** regarding Exhibits A-D.

**IT IS FURTHER ORDERED** that Defendants shall file a renewed motion to seal providing additional explanation regarding Exhibits A-D, whether those exhibits can be redacted, and why those exhibits pose a danger on or before **May 19, 2023.**

**IT IS FURTHER ORDERED** that Exhibits A-F (ECF No. 29) shall remain under seal until the Court's decision on Defendants' renewed motion to seal.

DATED: May 5, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE