UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Gaines a/k/a Kenya Gaines,<br><br>  Plaintiff,<br><br>  v.<br><br>S. Butler, et al.,<br><br>  Defendants. | Case No. 2:21-cv-02215-ART-DJA<br><br>**Order** |

Before the Court is Defendants Stephanie Butler and Julio Mesa's renewed motion to file Exhibits A-D to their motion for summary judgment under seal. (ECF No. 34). The Court previously considered Defendants' motion to seal these documents, but found that Defendants did not provide sufficient information for the Court to find compelling reasons to seal Exhibits A-D. (ECF No. 32). The Court thus ordered Defendants to file a renewed motion to seal providing explanation regarding Exhibits A-D, whether those exhibits could be redacted, and why those exhibits pose a danger to Plaintiff if unsealed. Defendants filed the instant motion in response.

Defendants explain that Exhibit A contains the entirety of Plaintiff's[1] grievance history, which would require significant redaction to protect Plaintiff's safety and medical information. Exhibit C contains the entirety of Plaintiff's disciplinary history, which would also require significant redaction, and the sealing of which is necessary to protect Plaintiff's safety and medical information. Exhibit B and D contain investigation detail reports which discuss Plaintiff's personal information which, if unsealed, could pose a security risk to Plaintiff. Defendants add that Plaintiff could be in danger if the information contained in these documents became accessible to the public or other inmates.

---

[1] Plaintiff is an inmate in the custody of the Nevada Department of Corrections.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).  A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard.  *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies.  *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.

Under the compelling reasons standard, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97.  Compelling reasons exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  *Id.* at 1097 (internal quotations and citations omitted).  The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted).  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents—that they are confidential" and that, in general, their disclosure would be harmful to the movant.  *Id.* at 1182.  Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Florence v. Cenlar Fed. Sav. & Loan*, No. 2:16-cv-00587, 2017 WL 1078637, at *2 (D. Nev. March 20, 2017).  "As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the court must order that redacted versions be filed rather than sealing entire documents." *Id.*; *see In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir.  2011); *see Welch v. Minev*, No. 2:19-cv-01064-GMN-BNW, 2022 WL 4809269, at *2 (D. Nev. Oct. 1, 2022).

Here, as a preliminary matter, the Court finds that the compelling reasons standard applies because the exhibits are attached to Defendants' motion for summary judgment. The Court finds that Defendants have met this standard for Exhibits A-D, because they explain that, should the public or other inmates have access to Plaintiff's grievance reports, which outline Plaintiff's disciplinary history, medical information, and complaints, Plaintiff's safety would be jeopardized. Having reviewed the documents to be sealed, the Court finds that they contain names of other individuals and specific descriptions of incidents which could cause safety concerns. Defendants also explain that they cannot redact the documents because this information is so intertwined that the documents would require significant redactions.

**IT IS THEREFORE ORDERED** that Defendants' renewed motion to seal (ECF No. 34) is **granted.** Exhibits A-F (ECF No. 29) shall remain under seal.

DATED: June 16, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE